# James *v.* James, Appellant.

*Contracts—Joint and several contracts—Breach—Assumpsit—Nonjoinder of parties.*

Six brothers entered into a contract with two of the brothers as parties of the first part and the other four as parties of the second part, whereby it was agreed, inter alia, that the parties of the second part should buy certain shares of stock, and other property, owned by one of the parties of the first part at a valuation to be fixed by appraisers; the appraisers were appointed and ren-

dered a report, and thereupon the shares of stock, deeds, etc., which were to be sold, were delivered to a trust company, appointed in the contract to receive them for the parties of the second part; the parties of the second part refused to pay the amount fixed by the appraisers as the value of the property. In an action of assumpsit on the contract to recover this amount, only one of the parties of the first part was named in the writ as plaintiff, and one of the defendants named therein was not served. *Held,* that the contract, though joint in form, was several in effect, and the action could be maintained without joining all the parties, and a verdict and judgment for plaintiff should be sustained.

Argued April 14, 1913. Appeal, No. 121, Jan. T., 1913, by defendants, from judgment of C. P. McKean Co., Dec. T., 1911, No. 60, on verdict for plaintiff in case of W. A. James v. D. M. James, E. B. James, and H. J. James. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Assumpsit to recover money alleged to be due under a written contract. Before A. O. Smith, P. J., specially presiding.

From the record it appeared that six brothers controlled, through stock ownership, various corporations, and that they were tenants in common of certain coal and gas properties. Disagreements had taken place between them as to the management of these corporations, and for the purpose of settling all disputes, they entered into a written contract with W. A. James and J. C. James, as parties of the first part, and D. M. James, E. B. James, H. J. James and D. W. James, as parties of the second part. It was provided in the contract, inter alia, that the parties of the second part should purchase of W. A. James various shares of stock, and his interest in a gas lease, at a valuation to be fixed by appraisers whose appointment was provided for in the contract; the appraisers were appointed, and reported that the value of W. A. James's properties was $96,452.90. The stock, deeds, etc., were delivered to a trust company appointed to receive them for the parties of the second

part. The parties of the second part refused to complete the purchase, however, alleging that the written contract had been modified by a subsequent parol agreement, and that the appraisement had been fraudulently made. The court submitted the question of the modification of the contract, and of the good faith of the appraisement to the jury, and refused to charge that the action could not be maintained because the contract was a joint contract, and all the parties thereto were not parties to the action. It appeared that J. C. James, of the first part, was not named in the writ, and that D. W. James, of the second part, though named in the writ, was not served.

The material parts of the contract in question were as follows:

This agreement made this 30th day of January A. D. 1911 between W. A. James and J. C. James of the first part, and D. M. James, E. B. James, H. J. James and D. W. James of the second part,

Whereas, W. A. James is the owner of 111 194/300 shares of the capital stock of James Brothers Lumber Company, 111 197/300 shares of the capital stock of James Manufacturing Company, 35 shares of the capital stock of the Consolidated Chemical Company, 40 shares of the capital stock of James City Realty Company, 10 shares of the capital stock of James City Gas Company, 10 shares of the capital stock of Crystal Springs Park Water Company, 111 197/300 shares of the capital stock of Kane and Elk Railroad Company, 46 2/3 shares of the capital stock of the La Mont Chemical Company, the foregoing all being corporations of the State of Pennsylvania; and a one-sixth interest in what is known as the Hovencamp gas property.

And whereas, J. C. James is the owner of 150 221/300 shares of the capital stock of Kane and Elk Railroad Company, 150 218/300 shares of the capital stock of James Brothers Lumber Company, 150 221/300 shares of James Manufacturing Company, 46 2/3 shares of the

capital stock of La Mont Chemical Company, 35 shares of the capital stock of Consolidated Chemical Company, 40 shares of the capital stock of James City Realty Com-pany, 10 shares of the capital stock of James City Gas Company, 10 shares of the capital stock of Crystal Springs Park Water Company, and a one-sixth interest in the Hovencamp gas property.

And whereas, the parties of the second part are the owners or are in control of 970 268/600 shares of the capital stock of the William James Sons Company, a corporation of Hinton, West Virginia, being all of the capital stock of said corporation, except that owned by the parties of the first part;

And whereas, the parties of the second part are the owners of a large undivided interest in certain coal lands, known as the "Cabin Creek Coal Lands," situated in West Virginia;

And whereas, the parties to this contract are the equi-table owners in equal one-sixth parts of a certain tract of land situate in Elk County, Pennsylvania, containing 33 acres more or less, and known as "Hovencamp Gas Land" legal title to which stands in the name of W. A. James, who holds it in trust for the parties hereto.

Now, therefore, this agreement witnesseth, that the said J. C. James upon the terms and conditions here-inafter mentioned, agrees to sell, and the parties of the second part agree to buy, all stock of J. C. James in the Pennsylvania corporations above enumerated, and his interests in the Hovencamp Gas lands, and the parties of the second part agree to sell and the said J. C. James agrees to buy the capital stock of the par-ties of the second part in the William James Sons Com-pany of West Virginia.

W. A. James agrees to sell and the parties of the second part agree to buy the capital stock of said W. A. James in the Pennsylvania corporations hereinabove named, and the interest of W. A. James in the Hoven-camp gas property.

And the parties of the second part agree to sell and convey to W. A. James and he agrees to buy, such an individual interest in the "Cabin Creek Coal Lands," as will equal (at the valuations to be determined by appraisers, as hereinafter provided) one-half of the value of the capital stock of said W. A. James in James Brothers Lumber Company, James Manufacturing Company, James City Realty Company, James City Gas Company, Crystal Springs Park Water Company and Consolidated Chemical Company.

By mutual agreement of all parties hereto, A. H. Gaffney and Frank McNeill of Kane, Pa., John Troy of Olean, New York, Charles Heydrick of Clarion, Pa., and N. N. Metcalf of Austin, Pa., are selected as appraisers to fix the values of the stocks, lands and properties herein agreed to be sold and conveyed as of February 1, 1911; the appraisers to commence their duties forthwith, and to complete the same, and make report thereof in writing to the Honorable Joseph W. Bouton, of Smethport, Pa., on or before the first day of April, 1911, unavoidable accidents or delays excepted, the decision of a majority of said board of appraisers to be final and binding upon the parties hereto.

Verdict for plaintiff for $106,210.72, and judgment thereon. Defendants appealed.

*Error assigned,* among others, was in refusing to charge the jury that the action could not be maintained because the contract was a joint contract.

*John G. Johnson,* with him *W. E. Burdick, Arthur M. Beale, C. R. Lamson* and *Frank P. Prichard,* for appellants.

*A. L. Cole,* with him *F. D. Gallup, C. W. Shattuck, A. P. Huey* and *Charles Hubbard,* for appellee.

PER CURIAM, June 27, 1913:

While the contract of January 30, 1911, is joint in form, it is, as the court below correctly held, several in effect, supporting the action brought by W. A. James, the appellee. With appellants' first assignment of error out of the way, it remains only to say that, in the court's submission of the case to the jury, no error is discoverable, and the judgment is, therefore, affirmed.